1  KEVIN A. DARBY, ESQ. (#7670)          *Electronically filed July 5, 2011*
   TRICIA M. DARBY, ESQ. (#7956)
2  TYLER M. ELCANO, ESQ.(#10578)
   DARBY LAW PRACTICE, LTD.
3  4777 Caughlin Parkway
   Reno, Nevada 89519
4  Telephone: (775) 322-1237
   Facsimile: (775) 996-7290
5  E-mail: kevin@darbylawpractice.com
        tricia@darbylawpractice.com
6
7  Attorney for Debtors

8

9                    **UNITED STATES BANKRUPTCY COURT**
                          **DISTRICT OF NEVADA**
10

11  In re                                          CASE NO.     BK-N-11-51536-btb

12  MARGARET A. RIES,                              Chapter 13

13            Debtor.                              **OPPOSITION TO MOTION FOR RELIEF**
                                                   **FROM THE AUTOMATIC STAY, OR, IN**
14                                                 **THE ALTERNATIVE, TO ABSTAIN**

15
                                                   Hearing Date: July 19, 2011
16                                                 Hearing Time: 10:00 a.m.

17  _____/

18       MARGARET A. RIES ("Debtor"), by and through her counsel DARBY LAW

19  PRACTICE, LTD., hereby opposes Joe Pollock's ("Pollock") Motion For Relief From The

20  Automatic Stay, Or In The Alternative, To Abstain (the "Motion").  This Opposition is made

21  pursuant to the provisions of 11 U.S.C. §362(d), the Declaration of the Debtor, and is based upon

22  the papers and pleadings on file herein, and the following points and authorities.

23
                              **POINTS AND AUTHORITIES**
24
                          **I.       INTRODUCTION**
25

26       1.      Relief from the automatic stay is not appropriate because the Debtor's ex-husband

27  is an unsecured creditor holding a dischargeable claim in this bankruptcy.

28

                                              1

## II.    FACTUAL BACKGROUND

### A. The Family Court Action.

2.    The Debtor and Pollock filed a joint petition for divorce in the Second Judicial District Court as Case No. DV-09-02252.

3.    On or about December 30, 2009, the Debtor and Pollock were divorced.

4.    Incorporated in the divorce decree, was a Marital Settlement Agreement which was executed on December 4, 2009 (the "Property Settlement Agreement").   Declaration of Debtor, Exhibit "1".

5.    The purpose of the Property Settlement Agreement was to divide "the community property and liabilities of the parties …."  Id., Exhibit "1", Section II.

6.    As stated in Section II, Paragraph 1 of the Property Settlement Agreement, the Debtor shall receive the property located on 1401 Wesley Drive, Reno Nevada 89503 (the "Property").  Receipt of the Property is subject to the following terms:

(1) Wife shall seek to obtain financing from her father to immediately pay the full equalizing payment, $52,966, to Husband, or
(2) Wife shall use good faith and best efforts to immediately refinance the property to pay the full equalizing payment, $52,966, to Husband, or,
(3) *if Wife is unable to implement the refinancing described in (1) and (2) herein,* Wife shall refinance the Wesley Drive property to remove Husband's name from the debt and pay Husband $30,000 of the equalizing payment, without interest, *no later than January 1, 2012*; Wife shall pay the then outstanding balance of the equalizing payment to Husband with the interest at the legal rate compounded monthly from January 1, 2012*, no later than June 1, 2016*.

7.    Based upon the express terms of the Property Settlement Agreement, in the event that the Debtor cannot comply with subsections (1) and (2), the Debtor has until January 1, 2012, to pay Pollock the amount of $30,000, and until June 1, 2016, to pay the remaining amount of the equalizing payment with interest to Pollock.

///

2

8.    The Property Settlement Agreement further provided:

> Wife owes to Husband and equalizing payment of $52,966, the terms of which are set forth in section 1 herein above.  Wife shall execute a promissory note, secured by a deed of trust to the property at 1401 Wesley Drive, in favor of Husband in the amount of $52,966, in the terms set forth in section 1 herein above.

**B.  The Bankruptcy Court Action.**

9.    On or about May 8, 2011, the Debtor filed a voluntary petition under Chapter 13 of the U.S. Bankruptcy Code.

10.    The Debtor's Schedule A of the Petition listed the Property value at $115,000.00.

11.    The Debtor's Amended Schedule D lists a debt secured by the Property to Chase in the amount of $46,238.00.

12.    Schedule F listed an unsecured debt to Pollock in the amount of $52,000.00.  This unsecured debt arises from the Property Settlement Agreement.

13.    Schedule F also listed unsecured debt totaling $60,459.00.  The Debtor filed for bankruptcy to obtain relief from this unsecured debt.

14.    On or about June 21, 2011, Pollock filed the present Motion.

### III.    LEGAL ARGUMENT

**A.  Cause Does Not Exist to Lift the Automatic Stay Because The Debtor's Obligation to Pay Her Ex-Husband Has Not Arisen**

15.    The Property Settlement Agreement expressly provides the Debtor had three options to pay the unsecured debt arising from the Property Settlement Agreement back to her ex-husband.  First, the Debtor could refinance the Property through her father and pay Pollock the equalizing payment of $52,966 in full.  Declaration of Debtor, Exhibit "1", Paragraph II, Section 1.  Second, the Debtor could refinance the property and pay the full equalizing payment in the amount of 452.966.  Id.  "[O]r if the wife is unable to implement the refinancing described in (1)

and (2) herein …" the Debtor, **no later than January 1, 2012,** is to remove Pollock's name from the debt and pay him $30,000 of the equalizing payment, without interest.  Id.

16.    As of today, there has been no breach of the Property Settlement Agreement.  The Debtor has until January 1, 2012, to remove her ex-husband's name from the Property and make the first payment of $30,000.  Due to the fact it is not yet January 1, 2012, there has been no breach and cause does not exist for stay relief to be granted.

### B.  The Debtor's Ex-Husband Is An Unsecured Creditor.

17.    The trustee in a bankruptcy matter is a hypothetical judgment lien creditor effective on the date the debtor files the bankruptcy petition.  See, 11 U.S.C. §544(a)(3).  Thus, the bankruptcy trustee is entitled to priority over unperfected liens.  In re Seaway Express Corp., 912 F.2d 1125 (9th Cir. 1990).

18.    Under Ninth Circuit law, when a creditor claims an inchoate equitable interest in real property owned by the debtor at the commencement of the case, which interest is not evidenced by a recorded instrument, the trustee as a bona fide purchaser prevails.  In re Seaway Express Corp., 912 F.2d 1125 (9th Cir. 1990).

19.    In the present case, the Debtor's ex-husband failed to properly perfect his security interest prior to the date the Debtor filed for bankruptcy.  Having failed to properly perfect his security interest prior to the filing, the bankruptcy estate rights trump those of the Debtor's ex-husband.  The bankruptcy estate's interest acts a properly perfected security interest as of the filing date under Section 544.

20.    The Debtor's ex-husband accuses the Debtor of acting in bad faith by failing to execute the required documents.  However, the Debtor's ex-husband took no steps to properly perfect his security interest.  He did not file any action in the family court compelling the execution of the promissory note.  Instead, Pollock sat on his rights.

21.     The only requirement under the Property Settlement Agreement was that the Debtor execute a promissory note or deed of trust.  There is no evidence that the Debtor's attempted to compel execution of the promissory note.  There is no evidence that a promissory note and deed of trust was prepared or presented to the Debtor for execution.  Similarly, there are no facts to indicate that the Debtor acted in bad faith or failed to comply with the terms of the Property Settlement Agreement.

**C.     The Debt Arising from the Property Settlement Agreement is Dischargeable through the Chapter 13 Bankruptcy Proceedings.**

22.     In a Chapter 7, 11, or 12 bankruptcy, a debt is not dischargeable if it is:

> [T]o a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15).

23.     However, in a Chapter 13 proceeding, such a debt as stated in 11 U.S.C. 523(a)(15) is dischargeable.  11 U.S.C. § 1328(a).  Specifically, 11 U.S.C. § 1328(a)(2) indicates that the court shall grant the debtor  a discharge of all debts provided for by the plan or disallowed under section 502 except any debt "in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)."  Markedly absent from this provision is Section (15).  Thus, 11 U.S.C. § 1328(a) allows for the discharge of a debt contemplated by 11 U.S.C. 523(a)(15).

24.     In the present matter, the debt arising from the Agreement is an unsecured claim which is dischargeable as reflected in 11 U.S.C. §§ 523(a)(15) and 1328(a)(2).  While the terms of the Agreement reflect a debt to a former spouse incurred by the debtor in the court of a divorce, separation, or separation agreement, this debt is dischargeable because the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

25.    Thus, the present Motion should be denied in its entirety as the Debtor's obligation to pay the debt arising from the Agreement may be discharged by the Chapter 13 bankruptcy proceedings.

**D.  There is No Cause for the Court to Abstain From Adjudicating Property Rights with Respect to the Property.**

26.    While the Court may abstain from hearing a particular matter, as recognized in 28 U.S.C. §1334(b), the circumstances in this matter fail to require such abstention.

27.    Core proceedings include "determinations as to the dischargeability of particular debts" and "determinations of the validity, extent, or priority of liens."  28 U.S.C. §157(b)(2)(I) and (K)

28.    The matter presently before the Court is a core proceeding.  The priority of a debt and its classification as secured or unsecured is a core proceeding which must be determined by this Court.  To allow a family court to negate the priority of the bankruptcy estate and change the priority and classification of a debt after a bankruptcy petition is filed, would contravene the purpose and principle of the bankruptcy law.

29.    Abstention would significantly impact the administration of the estate.  Likewise, the family court would have the right to determine the classification and priority of Pollock's claim in a bankruptcy proceeding.  While the family court may make determinations as to the division of property presently before it in a divorce matter, the family court does not have the power to classify debts, to the detriment of the bankruptcy estate, after the filing of a bankruptcy petition.

30.    Abstention would further delay the bankruptcy proceedings and result in additional and unnecessary costs for both parties.

31.    This Court has jurisdiction over the matter presently before it. Specifically, it is the duty of the Bankruptcy Court to administrate assets, determine classification of claims, and determine priority of claims. Therefore, abstention should be denied.

## IV.    CONCLUSION

32.    Based on the foregoing, the Debtor respectfully requests that her ex-husband's Motion be denied.

DATED this 5th day of July 2011.

DARBY LAW PRACTICE, LTD.

*/s/ Tricia M. Darby*

By:_____
    TRICIA M. DARBY, ESQ.
    4777 Caughlin Parkway
    Reno, Nevada 89519

7